

2010 DEC  7  AM 11 03

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | |
|---|---|
| In Re:<br><br>YELLOWSTONE MOUNTAIN CLUB, LLC, YELLOWSTONE DEVELOPMENT, LLC, BIG SKY RIDGE, LLC, YELLOWSTONE CLUB CONSTRUCTION COMPANY, LLC,<br><br>                Debtors, | Bankruptcy Case No. 08-61570-11 (Jointly Administered with 08-61571-11, 08-61572-11, 08-61573-11) |
| ROBERT SUMPTER,<br><br>                Appellant,<br><br>YELLOWSTONE MOUNTAIN CLUB, LLC; NEW CH YMC ACQUISITION, LLC; U.S. TRUSTEE,<br><br>                Appellees. | No.  CV-09-48-BU-SEH<br><br>**MEMORANDUM AND ORDER** |

## INTRODUCTION

This appeal raises a single substantive issue:  Did the Bankruptcy Court err

in rejecting Appellant's claim of a valid Residential Membership in the Debtors'
Second Amended Joint Plan of Reorganization (the Plan)? The answer is "no."
This Court has jurisdiction under 28 U.S.C. § 158(a).

## FACTS

Appellant, Robert Sumpter (Sumpter), was an employee of the Yellowstone
Club. In 2007, he was granted a "Company Membership" in the Yellowstone
Club under his employment agreement with Debtors Yellowstone Mountain Club,
LLC and Yellowstone Development, LLC. Sumpter converted his Company
Membership to a non-standard Residential Membership in July of 2008.

Bankruptcy proceedings in this matter commenced in November of 2008.
Debtors filed their Second Amended Joint Plan of Reorganization on
April 3, 2009. The Membership Assumption Schedule attached to the Plan
(Schedule 1.87) identified the Residential Memberships to be assumed by the
reorganized Debtors. Schedule 1.87 did not include Sumpter's non-standard
Residential Membership. Sumpter filed an objection to the Plan challenging his
exclusion from Schedule 1.87.

Confirmation hearing on the Plan was held on May 18, 2009. Sumpter did
not attend. The Bankruptcy Court found that the Debtors had exercised sound
business judgment in rejecting Sumpter's non-standard membership based upon

2

the unique circumstances surrounding the membership, including the fact he was not required to pay annual dues.  The Bankruptcy Court further concluded that Sumpter had waived his objection to the Plan by failing to appear at the confirmation hearing.

Sumpter protested the ruling.  He moved the Bankruptcy Court to reconsider or vacate its May 18, 2009, Order under Bankruptcy Rules 9023 and 9024, and moved to amend Schedule 1.87 to include his membership agreement.

On May 29, 2009, Debtors submitted their Third Amended Joint Plan of Reorganization.  The Plan contained identical provisions regarding assumption and rejection of executory contracts as those in the Second Amended Plan.

A hearing on the Third Amended Plan was held and on June 2, 2009, the Bankruptcy approved it and denied Sumpter's motions for relief under Bankruptcy Rules 9023 and 9024, and his motion to amend Schedule 1.87.  It ruled *inter alia*: (1) that the Debtors' decision to exclude Sumpter's name from Schedule 1.87 was appropriate; and (2) that Sumpter had waived his objection to the Plan by failing to appear at the confirmation hearing.  This appeal followed.

## STANDARD OF REVIEW

The Bankruptcy Court's findings of fact, and the Bankruptcy Court's approval of Debtors' rejection of Sumpter's membership agreement are reviewed

3

for clear error. Fed. R. Bankr. P. 8013; In re Pomona Valley Medical Group, Inc., 476 F.3d 665, 670 (9th Cir. 2007). Its conclusions of law are reviewed *de novo*. In re Rains, 428 F.3d 893, 900 (9th Cir. 2005). Its rulings on Sumpter's motions for relief under Bankruptcy Rules 9023 and 9024, and Sumpter's motion to amend Schedule 1.87 are reviewed for abuse of discretion. Key Mechanical Inc. v. BDC 56 LLC., 2002 WL 467664, at *2 (S.D.N.Y. 2002).

## DISCUSSION

A debtor, in its reorganization plan, may assume or reject an executory contract, subject to approval by the Bankruptcy Court. 11 U.S.C.§ 365(a); In re Pomona Valley Medical Group, Inc., 476 F.3d at 670. The Bankruptcy Court, in evaluating the debtor's decision, "should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." Id. It should approve the decision to reject an executory contract "unless it finds that the debtor-in-possession's conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." Id.

Debtors, in this case, elected to reject all membership contracts that did not require payment of annual dues, including Sumpter's membership agreement, as

4

they offered no benefit to the Debtors but instead constituted a burden. The Bankruptcy Court correctly recognized that Debtors exercised sound business judgment in rejecting Sumpter's membership agreement. There is no evidence that Debtors' decision was based upon bad faith, or whim, or caprice. The Bankruptcy Court's approval of the Debtors' decision was not clearly erroneous.

The Bankruptcy Court found that Sumpter waived his objection to the Plan when he failed to attend the confirmation hearing on May 18, 2009. Sumpter claims he did not attend the hearing because he was not given notice that Debtors intended to reject his membership agreement at the hearing. This assertion is not supported by the facts.

Sumpter concedes that he received a copy of the Second Amended Reorganization Plan proposed by Debtors and the related Disclosure Statement. Paragraph 5.1.1 of the Plan states that all executory contracts shall be deemed rejected on the effective date of the Plan except those: (1) that have previously been assumed by the Debtors; (2) that are the subject of a motion to assume filed by Debtors before the effective date of the Plan; (3) that are Assumed Obligations listed in the Contract Assumption Schedule; or (4) that are Assumed Obligations listed in the Member Assumption Schedule.

Sumpter's membership agreement does not fall into any of the four

5

referenced categories. Debtors did not previously assume Sumpter's membership agreement nor did they file a motion to assume the agreement. The agreement is not listed in the Contract Assumption Schedule (Schedule 1.34) or the Membership Assumption Schedule (Schedule 1.87). Instead, the agreement is listed in Schedule 1.27 of the Plan, which includes company memberships that Debtors elected to reject.

After receiving the proposed Plan and Disclosure Statement, Sumpter e-mailed Debtors to inform them that he had a residential membership, not a company membership. Sumpter also objected to the Plan on this basis. Debtors, however, did not file a response or alter Schedule 1.87 to include Sumpter's membership agreement. Therefore, by the time of the May 18, 2009, confirmation hearing, Sumpter had notice: (1) that Debtors intended to reject his membership agreement; (2) that the rejection was contained in the Plan; (3) that the Plan would be addressed at the confirmation hearing; and (4) that his e-mails to Debtors and objection filed with the Bankruptcy Court did not cause Debtors to assume his membership agreement. Sumpter had adequate notice that rejection of his membership agreement would be addressed at the confirmation hearing. He simply chose not to attend the hearing. The Bankruptcy Court did not err when it found that Sumpter had waived his objection to the Plan by failing to attend the

6

confirmation hearing.

After the Bankruptcy Court ruled that Sumpter waived his objection to the Plan by failing to appear at the confirmation hearing, and affirmed Debtors' rejection of his membership agreement, Sumpter sought relief under Bankruptcy Rules 9023 and 9024. He also moved to amend Schedule 1.87 to include his membership agreement.

Rule 9023 makes Fed. R. Civ. P. 59 applicable to bankruptcy cases. Relief under Rule 59 is appropriate if: (1) the Bankruptcy Court is presented with newly discovered evidence; (2) there is an intervening change in controlling law; or (3) the Bankruptcy Court committed clear error or made a decision that was manifestly unjust. In re Syncor ERISA Litigation, 516 F.3d 1095, 1100 (9th Cir. 2008).

None of the above circumstances are present in this case. Sumpter did not present any evidence to the Bankruptcy Court that could not have been presented earlier. Sumpter did not claim an intervening change in controlling law. The Bankruptcy Court correctly found that Sumpter's failure to attend the confirmation hearing constituted a waiver of his objection to the Plan, and it correctly found that the Debtors exercised sound business judgment in rejecting Sumpter's membership agreement. The Bankruptcy Court did not abuse its discretion in

7

denying Sumpter's Rule 9023 motion.

Rule 9024 makes Fed. R. Civ. P. 60(b) applicable to bankruptcy cases. Rule 60(b)(1) authorizes a court to vacate a judgment or final order based upon a showing of "mistake, inadvertence, surprise or excusable neglect." Sumpter contends the Bankruptcy Court's May 18, 2009, Order should be set aside because: (1) he was surprised when the Bankruptcy Court ruled on Debtors' decision to reject his membership at the confirmation hearing; and (2) the Bankruptcy Court's May 18, 2009, Order constitutes a mistake. Neither argument is persuasive.

First, as discussed above, the Plan proposed by Debtors specifically addressed the rejection of Sumpter's membership agreement. Sumpter had notice of the Plan, and he had notice that the Plan would be addressed at the confirmation hearing. No surprise has been shown to exist.

Second, the Bankruptcy Court's ruling regarding Sumpter's membership agreement cannot be characterized as a mistake. As discussed above, the Bankruptcy Court correctly recognized that Debtors exercised sound business judgment in rejecting Sumpter's membership agreement. The Bankruptcy Court did not abuse its discretion in denying Sumpter's Rule 9024 motion.

Sumpter's motion to amend Schedule 1.87 to include his membership

8

agreement was ancillary to his motions under Rules 9023 and 9024. The Bankruptcy Court properly denied the motion to amend Schedule 1.87 based upon its rulings on the Rule 9023 and Rule 9024 motions.

## ORDER

Upon *de novo* review, the Court approves and adopts Judge Kirscher's analysis and decisions to approve the Debtors' rejection of Sumpter's membership agreement, and to deny Sumpter's motions for relief under Bankruptcy Rules 9023 and 9024, and to amend Schedule 1.87. The decisions of the Bankruptcy Court are AFFIRMED subject to any change in the record which may occur as a result of the Court's November 2, 2010, Memorandum and Order in the companion bankruptcy appeal entitled Blixseth v. Yellowstone Mountain Club, LLC, et al., CV-09-47-BU-SEH.

DATED this 7th day of December, 2010.

SAM E. HADDON
United States District Judge

9